UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **WENDY REYNOLDS,** | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | Magistrate Judge: |
| **THE BUILDING GROUP,** d/b/a | ) | **PH** |
| URBAN PROPERTIES, INC. | ) | |
| Defendant. | ) | Jury Demand |

**FILED**
**FEBRUARY 6, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 803**

**JUDGE MANNING**
**MAGISTRATE JUDGE MASON**

COMPLAINT

Plaintiff **WENDY REYNOLDS**, by and through her undersigned attorney, alleges in her Complaint as follows:

I. JURISDICTION AND VENUE

1. This civil action arises under the laws of the United States. Plaintiff alleges violations of her rights under Title VII of the Civil Right Act of 1964, as amended.

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and §1343.

3. Venue herein is proper under 28 USC §1391(b) and 42 USC §2000e-5(f)(3). The Building Group, now doing business as Urban Properties, Inc., is a corporate resident of the State of Illinois, doing business herein, and the unlawful employment practices which plaintiff is complaining were committed in the County of Cook, State of Illinois.

1

## II.  PARTIES

4. Plaintiff Wendy Reynolds is a citizen of the United States who has resided in the City of Crown Point, Indiana, at all times pertinent hereto.  From approximately October 13, 2005, to February 19, 2004, Plaintiff was employed as Property Manager by Defendant The Building Group, Inc. at its offices in Chicago, Illinois.

5. Defendant The Building Group, Inc. is or was an Illinois corporation with a major place of business at 1045 W. Lawrence Avenue, Chicago, Illinois 60640.  The Corporation File Detail Report from the Illinois Secretary of State indicates The Building Group is an inactive corporation that is now active under the name Urban Properties, Inc.: the officers and registered agent of The Building Group are identical to those of Urban Properties, Inc.  At all times pertinent hereto, defendant has been engaged in an industry effecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

## III.  PROCEDURAL REQUIREMENTS

6. On or about January 17, 2006, Plaintiff Wendy Reynolds filed a charge of discrimination with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 USC §2000e-5(b), (e).  Such charge was filed within 180 days of the unlawful employment practices.  On or about November 13, 2007, less than 90 days prior to the filing of this complaint, the Equal Employment Opportunity Commission, after finding reasonable cause to believe that defendant discriminated against plaintiff, issued to plaintiff a notice of Right to Sue, a copy of which is attached hereto, with respect to such charges of employment discrimination.

## IV.  STATEMENT OF FACTS

7. In October of 2005, Plaintiff Wendy Reynolds began her employment as Property Manager with Defendant The Building Group, Inc.

8. On or about November 28, 2005, plaintiff notified defendant that she was pregnant.

9. On December 29, 2005, defendant informed plaintiff that she was terminated as an employee of defendant.

10. At all times of her employment, plaintiff fully performed all her job duties.

11. Defendant discharged plaintiff because of her pregnancy and gender.

12. A few days after being discharged, plaintiff suffered a miscarriage.

13. Defendant The Building Group, Inc., by firing Plaintiff Reynolds because of her pregnancy, violated of the Title VII of the Civil Rights Act of 1964, as amended.

**WHEREFORE**, Plaintiff Wendy Reynolds respectfully prays that this court:

A.  Order reinstatement of plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered an adverse employment action attributable to her gender, or award plaintiff front pay in an amount to be determined if reinstatement is determined at trial to be impractical;

B.  Award plaintiff back pay, including overtime pay, pension benefits and other employment benefits which would have accrued if plaintiff's employment had not been terminated, in an amount to be determined;

C.  Award plaintiff punitive damages in the maximum amount permissible under law;.

D.  Award plaintiff attorney fees, court costs, interest, and such other relief as this Court may deem proper.

## V. JURY DEMAND

14. Plaintiff hereby requests a trial by jury for all causes of action contained herein.

>Respectfully submitted,

>Wendy Reynolds, Plaintiff, by her attorney

>_____/s/ William F. Spielberger.................

William F. Spielberger & Associates, P.C.

53 W. Jackson, Suite 1231

Chicago, Illinois  60604

(312) 834-0519