# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WENDY REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 803 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | |
| THE BUILDING GROUP, | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, The Building Group ("TBG" or "Defendant"), by its attorneys, Utreras Law Offices, LLC, provides the following Answers and Affirmative Defenses to Plaintiff's Complaint, stating as follows:

## I. JURISDICTION AND VENUE

1.     This civil action arises under the laws of the United States. Plaintiff alleges violations of her rights under Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER:     Defendant admits that Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, a federal law.  Defendant denies any wrongdoing or otherwise violating Plaintiff's civil rights.**

2.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and §1343.

**ANSWER:     Defendant admits that this Court has subject matter jurisdiction over the claim brought pursuant to the statutory provisions cited in this paragraph 2.**

3.     Venue herein is proper under 28 USC §1391(b) and 42 USC §2000e-5(f)(3). The Building Group, now doing business as Urban Properties, Inc., is a corporate resident of the State   of Illinois, doing business herein, and the unlawful employment practices which plaintiff is

complaining were committed in the County of Cook, State of Illinois.

**ANSWER:    Defendant denies that it engaged in any unlawful employment practices with regard to Plaintiff, and denies that it does business as Urban Properties, Inc.  Defendant admits that it previously did business under the name Urban Properties, Inc., and admits the remaining allegations in paragraph 3.**

## II. PARTIES

4.    Plaintiff Wendy Reynolds is a citizen of the United States who has resided in the City of Crown Point, Indiana, at all times pertinent hereto. From approximately October 13, 2005, to February 19, 2004, Plaintiff was employed as Property Manager by Defendant The Building Group, Inc. at its offices in Chicago, Illinois.

**ANSWER:    Defendant admits that Plaintiff was hired to be an On-Site Property Manager, and paid as such, even though she never actually served in the position because of, and due t,o its unavailability, and when it became available, refused it.  Defendant admits that Plaintiff worked at its Chicago, Illinois offices during her tenure.  Defendant admits, upon information and belief, that Plaintiff is a citizen of the United States. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff has resided in Crown Point, Indiana at all times pertinent.  Defendant denies the remaining allegations in paragraph 4.**

5.    Defendant The Building Group, Inc. is or was an Illinois corporation with a major place of business at 1045 W. Lawrence Avenue, Chicago, Illinois 60640. The Corporation File Detail Report from the Illinois Secretary of State indicates The Building Group is an inactive corporation that is now active under the name Urban Properties, Inc.: the officers and registered agent of The Building Group are identical to those of Urban Properties, Inc. At all times

pertinent hereto, defendant has been engaged in an industry effecting commerce and has had 15

or more employees for each working day in each of 20 or more calendar weeks in the current or

preceding year.

**ANSWER:    Defendant denies that The Building Group is now active under the name**

**Urban Properties, Inc., and denies that the Corporation File Detail Report from the Illinois**

**Secretary of State's Office indicates the same.  Defendant admits the remaining allegations**

**in paragraph 5.**

### III. PROCEDURAL REQUIREMENTS

6.      On or about January 17, 2006, Plaintiff Wendy Reynolds filed a charge of discrimination

with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42

USC §2000e-5(b), (e). Such charge was filed within 180 days of the unlawful employment

practices. On or about November 13, 2007, less than 90 days prior to the filing of this complaint,

the Equal Employment Opportunity Commission, after finding reasonable cause to believe that

defendant discriminated against plaintiff, issued to plaintiff a notice of Right to Sue, a copy of

which is attached hereto, with respect to such charges of employment discrimination.

**ANSWER:    Defendant admits that Plaintiff filed a Charge of Discrimination with the**

**EEOC, and that the EEOC issued Plaintiff a Right to Sue letter dated November 13, 2007,**

**which is less than 90 days prior to the filing of Plaintiff's complaint, that the EEOC made a**

**finding of reasonable cause to believe that Defendant discriminated against Plaintiff, and**

**that Plaintiff attached a copy of the notice of the Right to Sue to her complaint.  Defendant**

**denies that the EEOC elected to pursue Plaintiff's claims after conciliation efforts failed.**

**Defendant is without knowledge or information sufficient to form a belief as to the truth of**

**the remaining allegations in paragraph 6.**

## IV. STATEMENT OF FACTS

7.      In October of 2005, Plaintiff Wendy Reynolds began her employment as Property

Manager with Defendant The Building Group, Inc.

**ANSWER:    Defendant admits that Plaintiff began employment with it in the title and pay**

**rate of an On-Site Property Manager on October 2005, but denies that Plaintiff ever**

**actually performed Property Manager duties during her tenure.**

8.      On or about November 28, 2005, plaintiff notified defendant that she was pregnant.

**ANSWER:    Defendant admits that Plaintiff informed Michael Compeli, the Senior Vice-**

**President of Operations, on November 28, 2005 that she was pregnant.  In further**

**answering, Plaintiff further informed Mr. Compeli that she could not accept the On-Site**

**Manager Position due to her pregnancy, as well as the fact that she and her finance were**

**moving farther away from the office and did not want to drive that far. Michael Compeli**

**offered her two other positions working out of the main office and she said no. Michael**

**Compeli then asked her to stay approximately one more month, until another employee,**

**who was on maternity leave, returned and Plaintiff agreed.**

9.      On December 29, 2005, defendant informed plaintiff that she was terminated as an

employee of defendant.

**ANSWER:    Defendant admits the allegations in paragraph 9.  In further answering,**

**Defendant states that Plaintiff was offered two other positions by Defendant at its main**

**office, after refusing to perform in the On-Site Manager Position when it became available,**

**and when Plaintiff also refused these positions, Plaintiff was let go at mutually agreed upon**

**date, which was when a colleague of hers returned from maternity leave.**

10.     At all times of her employment, plaintiff fully performed all her job duties.

**ANSWER:    Defendant denies the allegations in paragraph 10.**

11.    Defendant discharged plaintiff because of her pregnancy and gender.

**ANSWER:    Defendant denies the allegations in paragraph 11.**

12.    A few days after being discharged, plaintiff suffered a miscarriage.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.**

13.    Defendant The Building Group, Inc., by firing Plaintiff Reynolds because of her pregnancy, violated of the Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER:    Defendant denies the allegations in paragraph 13.**

<u>**AFFIRMATIVE DEFENSES**</u>

1.    Without conceding that Plaintiff has suffered any damages as the result of any alleged actions by Defendant, Plaintiff has failed to mitigate her alleged damages as required by law.

2.    Plaintiff is not entitled to recover punitive damages because at all relevant times, Defendant engaged in good faith efforts to comply with all laws prohibiting discrimination, harassment, and retaliation in employment.

3.    To the extent Plaintiff seeks relief for time-barred conduct, Defendant cannot be held liable.

4.    To the extent Plaintiff seeks relief under Title VII for claims not filed within 90 days of receipt of her Right to Sue letter, Defendant cannot be held liable.

5.    To the extent Plaintiff seeks relief for a Title VII claim not included in her EEOC charge or reasonably related to claims contained in her EEOC charge, Defendant cannot be held liable.

6.    Plaintiff's claim should be dismissed because Defendant at all times, acted reasonably and in good faith toward Plaintiff and has not violated any rights which may be secured to

Plaintiff under any federal, state or local law, rule, regulation or guideline.

7.     At all relevant times, Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative and/or corrective measures provided by Defendant or to avoid harm otherwise, and failed to complain of any discriminatory conduct.

8.     Defendant's actions with regard to Plaintiff were at all times reasonable and consistent with legitimate business practices and expectations.

9.     Defendant terminated Plaintiff's employment for conduct-based reasons having no relation to any alleged impermissible motivation.

10.    Plaintiff did not suffer any damages attributable to any actions of Defendant.

11.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

12.    Plaintiff's recovery in this action, if any, must be diminished by the amount of Plaintiff's comparative fault.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to rely upon such other and further affirmative defenses as may be supported by facts to be determined through further discovery in this proceeding.  Defendant also expressly reserves the right to assert such Counterclaims as may be supported by the facts and evidence.

Wherefore, Defendant requests that all of Plaintiff's claims be denied and that judgment be entered in its favor, with reasonable costs assessed against Plaintiff.

Respectfully submitted,

THE BUILDING GROUP


By:    _____/s/ Mario E. Utreras_____
                  Mario E. Utreras

Mario E. Utreras
UTRERAS LAW OFFICES LLC
4937 W. Foster Ave.
Chicago, Illinois 60630
773-283-5550
773-283-5005 (fax)
Atty. No.: 06230426