**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WENDY REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 803 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | |
| THE BUILDING GROUP, | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

## JOINT INITIAL STATUS REPORT

Plaintiff, Wendy Reynolds, by her attorneys, William F. Spielberger, William F. Speilberger & Associates, and Defendant, The Building Group, by its attorneys, Mario E. Utreras, Utreras Law Offices LLC, pursuant to this Court's Standing Order, state the following:

1. Plaintiff is asserting claims of pregnancy discrimination, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, as amended by the Pregnancy Discrimination Act. This Court has federal jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff seeks an as yet undetermined amount, but which would constitute compensatory damages, such as back pay, loss of bonuses and benefits, front pay, punitive damages, as well as attorneys' fees and costs.

3. The major legal issues in this case are whether Defendant's terminated Plaintiff's employment, in violation of Title VII, as amended by the Pregnancy Discrimination Act, on account of her pregnancy. The major factual issues in this case are whether Defendant treated similarly-situated, non-pregnant individuals more favorably than Plaintiff, whether Defendant had a legitimate, business-related reason for terminating Plaintiff, and whether Plaintiff's actions during the course of her employment with Defendant amounted to a resignation of her position.

6. Defendant would direct the Court to the statutes applicable under Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-(k). Defendant maintains that notwithstanding these statutes, it is not required to take special measures to assist pregnant women or even to offer maternity leave – all it is required to do is treat pregnant employees the same as non-pregnant employees. *Kennedy v. Shoenberg, Fischer & Newman, Ltd.*, 140 F.3d 716. 722 (7th Cir. 1998). Because Defendant does not believe that Plaintiff will have any direct evidence of pregnancy discrimination, Defendant believes that the indirect method of establishing such discrimination will be required, under the familiar *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792 (1973) burden shifting method. Defendant believes it will prevail on dispositive motions under this approach.

7. The parties' proposed joint scheduling order is attached hereto and filed simultaneous with this Status Report.

8. A jury demand has been requested. The parties believe that a jury trial would last 3-5 days.

9. The parties do not consent to proceed before the assigned Magistrate Judge.

10. The parties have had settlement discussions. Plaintiff is amenable to a settlement conference, however, Defendant believes it would be premature to participate in such a conference at this juncture until it is able to engage in further discovery.

3

Respectfully submitted,

| WENDY REYNOLDS | THE BUILDING GROUP |
|---|---|
| By:   \_/s/ William F. Spielberger_____ | By:   \_\_/s/ Mario E. Utreras_____ |
|         One of her attorneys |         One of its attorneys |

William F. Spielberger
William F. Spielberger & Assocs.
53 W. Jackson Blvd
Suite 1231
Chicago, IL 60604
312-834-0519
bartleby.scrivener@sbcglobal.net
Atty No.

Mario E. Utreras
Utreras Law Offices LLC
4937 W. Foster Ave.
Chicago, IL 60630
773-283-5550
mutreras@utreraslaw.com
Atty No. 6230426